IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWAUNA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 23-910-R |
| ) | |
| BULL CITY FINANCIAL SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff filed this action under the Fair Debt Collection Practices Act complaining that Defendant Bull City Financial Solutions, Inc. unlawfully communicated with her regarding an alleged debt. After Defendant answered, Plaintiff filed a Motion to Strike [Doc. No. 6] seeking to strike five affirmative defenses as insufficiently pled, frivolous, vague, conclusory and without a factual basis. Defendant responded in opposition [Doc. No. 11][1] and filed an Amended Answer [Doc. No. 10]. Plaintiff then filed a Second Motion to Strike [Doc. No. 12], contending that the affirmative defenses in the Amended Answer are still insufficiently pled. Defendant did not file any response to the Second Motion to Strike.

Plaintiff's first Motion to Strike [Doc. No. 6] is denied as moot given the filing of the Amended Answer. *See Menapace v. Alaska Nat'l Ins. Co.*, No. 20-CV-00053-REB-STV, 2021 WL 2012324, at *5 (D. Colo. May 20, 2021) ("In light of the filing of the

---

[1] Defendant's brief was largely unresponsive to Plaintiff's motion, which argued that the *Twombly/Iqbal* pleading standard applies to affirmative defenses.

Amended Answer, the Court denied Plaintiff's First Motion to Strike as moot."); *Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, No. 12-1008-JTM, 2013 WL 257074, at *2 n.13 (D. Kan. Jan. 23, 2013) ("Notably, the answer to the amended complaint also superseded the original answer, which Plaintiffs were purportedly challenging.").

Plaintiff's Second Motion to Strike [Doc. No. 12] is granted in part and denied in part. Because Defendant failed to file any response to this motion, the Court could deem the motion confessed pursuant to LCvR7.1(g). However, in this instance, the Court will consider the motion on its merits even in the absence of a response from Defendant. Defendant is cautioned that the failure to respond to future filings will likely result in the motion being deemed confessed pursuant to LCvR7.1(g).

Fed. R. Civ. P. 12(f) provides that a court may strike any "insufficient defense" from a pleading. Striking a portion of a pleading is, however, "a drastic remedy" that is viewed with disfavor. *Knighten v. Allstate Ins. Co.,* No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018). Further, motions under Rule 12(f) should generally "not to be used to police the form of a pleading or to correct any misdesignations it might contain." *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 151 (S.D. Miss. 2018) (quotation omitted).

Here, Plaintiff argues that pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses and that Defendant's affirmative defenses fail to meet this standard. This Court has previously determined that the standard applies and a defendant must therefore "allege a sufficient factual basis or bases for his or its affirmative defense to show

2

that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability." *Gibson v. OfficeMax, Inc.*, Case No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009). The Court will not revisit this prior decision today—though it acknowledges that judges in this district have disagreed on whether *Twombly* and *Iqbal* apply to affirmative defenses.[2]

Turning to the specific assertions in the Amended Answer, the Court finds that several of the "affirmative defenses" identified by Defendant are not actually affirmative defenses. The second defense asserts that Plaintiff's damages were not caused by Defendant and the fourth defense asserts that Plaintiff proximately caused her damages. These defenses are essentially a denial of causation – an element of Plaintiff's claim for non-statutory damages – and are therefore not properly characterized as affirmative defenses. *See J & J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) ("[D]enials of the allegations in the

---

[2] Compare *Knighten*, 2018 WL 718533, at *2 n.1 (DeGiusti, J.) ("The Tenth Circuit has not addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue.... However, this Court has consistently concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." (internal quotation marks and citation omitted), and *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009) (Heaton, C.J.) ("[T]he court concludes the *Twombly* standard applicable to a plaintiff's claims does not apply with the same force to a defendant's affirmative defenses and that, at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes."), with *Burget v. Capital W. Sec., Inc.*, No. CIV–09–1015–M, 2009 WL 4807619, at *2 (W.D. Okla. Dec. 8, 2009) (LaGrange, J.) (applying *Twombly* to affirmative defenses), and *Woodard v. Chesapeake Energy Mktg.*, No. CIV-08-1097-W, 2009 WL 10702563, at *1 (W.D. Okla. Feb. 17, 2009) (West, J.) (same).

Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."). The fifth defense reserves the right to add other defenses that may become available during discovery. Again, this is not a true affirmative defense and Defendant must, of course, comply with the Federal Rules of Civil Procedure and applicable local rules when amending a pleading. Because the second, fourth, and fifth defenses are not actually affirmative defenses, the Court will grant Plaintiff's request to strike them from the pleading, particularly in the absence of any objection from the defendant.

However, the Court recognizes that these and other similar defenses are often pled out of an abundance of caution to avoid unintentionally waiving a defense. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) ("The general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings."). Because the inclusion or striking of these types of assertions have no consequence on a defendant's ability to raise the argument, the Court fails to see how correcting these misdesignations does anything other create needless busywork, at least where the answer does not run afoul of Rule 8's instruction to keep pleadings "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

As for the remaining affirmative defenses, the Court finds that they are adequately pled and should therefore not be stricken. The first affirmative defense asserts that any FDCPA violation was the result of a bona fide error because Defendant has policies in place to ensure that communications go to the proper channels. Although the factual content underlying this defense is somewhat sparse, Defendant has provided enough

4

particularity to give Plaintiff fair notice of the basis of the defense and show that the defense is at least plausibly viable. The third affirmative defense asserts that Plaintiff failed to mitigate certain damages that she explicitly requests in the Complaint. This Court has previously declined to apply a heightened pleading standard to this affirmative defense given that the obligation to use reasonable efforts to mitigate damages falls on the plaintiff. *See Gibson*, Case No. CIV-08-1289-R, at 3.

Accordingly, as forth above, Plaintiff's First Motion to Strike [Doc. No. 6] is DENIED as moot and Plaintiff's Second Motion to Strike [Doc. No. 12] is GRANTED in part and DENIED part.

IT IS ORDERED this 3rd day of January, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE